<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHARNETTA M. PETTIE,<br><br>     *Plaintiff*,<br><br>  v.<br><br>JOSE MIGUEL VALDES SANTANA,<br>GENESYS TRUCKING LLC., ABC<br>COMPANIES 1-10 said names being fictitious<br>and JOHN DOE 1-5 said names being fictitious,<br><br>     *Defendants*. | Civil Action No. 24-1110<br><br>**OPINION**<br><br>May 13, 2026 |

**SEMPER**, District Judge,

  **THIS MATTER** comes before the Court on Charnetta M. Pettie's ("Plaintiff") Motion for

Default Judgment against Jose Miguel Valdes Santana ("Defendant") pursuant to Federal Rule of

Civil Procedure ("Rule") 55(b)(2). (ECF 13, "Motion" or "Mot.") The Court has decided this

Motion upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78

and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion is **DENIED**

**WITHOUT PREJUDICE**.

  **I.**  <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]</u>

  This matter arises from Plaintiff's allegations of negligence and recklessness against

Defendants Jose Miguel Valdes Santana and Genesys Trucking LLC. (ECF 1, "Complaint" or

---

[1] The facts and procedural history are drawn from the briefings (ECF Nos. 1, 3, 7, 8, 13) and documents integral to or relied upon by the briefings. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"Compl." ¶ 16.)  Given that this Motion has only been filed with respect to Plaintiff's case against Defendant Jose Miguel Valdes Santana, the claims against and facts pertaining to Genesys Trucking LLC are not addressed in this Opinion.  Plaintiff Charnetta M. Pettie is a resident and citizen of the State of New York.  (*Id.* ¶ 1.)  Defendant is a resident and citizen of the State of New Jersey.  (*Id.* ¶ 2.)  On June 28, 2022, Plaintiff was driving her 2016 Ford Edge on Roanoke Ave in Newark, New Jersey.  (*Id.* ¶ 9; ECF 13-3, "Ex.2.")  Defendant was operating a commercial truck motor vehicle owned by Genesys Trucking LLC, a separate defendant in this case, when he came into contact with Plaintiff's 2016 Ford Edge.  (Compl. ¶ 12.)

Plaintiff alleges that Defendant caused the accident due to his negligence and/or recklessness.  (*Id.* ¶ 16.)  As a result of the car accident, Plaintiff sustained physical injuries, and suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.  (*Id.* ¶¶ 18, 19, 21.)  Plaintiff has also allegedly suffered excessive financial losses due to her injuries and medical expenses.  (*Id.* ¶¶ 17, 19.)

As a result, Plaintiff commenced a lawsuit against Defendant on February 26, 2024 seeking damages, costs, interest, counsel fees, and other relief deemed just by the Court.  (*Id.* ¶ 21.)  Defendant was served with both the Complaint and summons in this matter on March 16, 2024.  (ECF 3.)  On September 11, 2024, the Court directed Plaintiff to seek entry of default as to Defendant, who had failed to respond to the Complaint by the required deadline.  (ECF 7.)  On September 12, 2024, Plaintiff petitioned the Clerk of the Court for an entry of default against Defendant pursuant to Rule 55.  (ECF 8.)  The Clerk of the Court entered default against Defendant on September 13, 2024.  (*Id.*)  Defendant has not challenged the default or opposed this Motion.

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading."  *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008).  Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the defendant and (2) "that entry of default under Rule 55(a) was appropriate."  *Gov't Emps. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, No. 17-11727, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment.  Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).  An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law."  *Chanel, Inc.*, 558 F. Supp. 2d at 535.  After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default

judgment is denied, and (3) whether the default was due to the defendant's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181.

## III.    ANALYSIS

### A.  Jurisdiction and Service of Process

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'"  *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (internal citation omitted).  Additionally, prior to determining whether a plaintiff is entitled to default judgment, a court must also determine whether there is sufficient proof of service.  *Tr. of Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare Fund v. Danco Painting, LLC*, No. 17-05739, 2021 WL 3674353, at *3 (D.N.J. Aug. 19, 2021).  This Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant, and Defendant was properly served.

A district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000.  *See* 28 U.S.C. § 1332(a).  There is complete diversity of citizenship here between Plaintiff, a citizen of New York, and Defendant, a citizen of New Jersey.  (Compl. ¶¶ 1-2.)  Further, given the Complaint's allegation that the amount in controversy requirement of § 1332(a) is satisfied, at this stage, this Court is satisfied that it has subject-matter jurisdiction, subject to the precise amount of damages to be articulated in an amended motion, affidavit, and/or damages hearing.  (*Id.* ¶ 10); *see Ataman v. Parris*, No. 23-20994, 2024 WL 4289577, at *3 (D.N.J. Sept. 25, 2024).

The Court also retains personal jurisdiction over Defendants. "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks and citation omitted). Because Defendant is a resident of New Jersey, the exercise of personal jurisdiction over the individual Defendant is proper.

For service to be proper on an individual, Rule 4 requires service to be effectuated by a nonparty "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Here, Plaintiff provides the Court with an Affidavit of Service dated March 5, 2024, which indicates that personal service was made by a nonparty to the action, Paul Della Valle, who delivered a copy of the Summons and Complaint to Defendant's sister-in-law at Defendant's place of residence on that day. (ECF 3; ECF 13-2.) Thus, service was proper, and the Court is satisfied that it has jurisdiction to enter default judgment. *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

### B. Entry of Default

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Defendant failed to meet his deadline to respond to the Complaint and has made no attempt to answer or defend the action since it was

5

filed.  (ECF 7.)  Accordingly, the Clerk appropriately issued the entry of default on September 13, 2024.  (ECF 8.)

### C. Fitness

"Third, the Court must confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment."  *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 822 (D.N.J. 2021) (citing Fed. R. Civ. P. 55(b)(2)).  Plaintiff submitted an affidavit certifying that Defendant is not an infant and is not currently serving in the United States Armed Forces.  (ECF 13-2.)  There is no indication in the record, and this Court has no reason to believe, that Defendant is an incompetent person.  Defendant is thus fit for default judgment.

### D. Sufficiency of Plaintiff's Cause of Action

Fourth, the Court must determine whether the Complaint states a proper cause of action. In performing this inquiry, the Court accepts as true a plaintiff's well pleaded factual allegations while disregarding mere legal conclusions.  *See DirecTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006).  The Court finds that the Complaint fails to state a sufficient cause of action for negligence.

In negligence actions under New Jersey law, a plaintiff must allege "(1) a duty of care; 2) a breach of that duty; (3) proximate cause for the injuries; and (4) actual damages."  *Ataman*, 2024 WL 4289577, at *4 (citing *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015)).  Here, Plaintiff alleges that Defendant operated a motor vehicle which came into contact with her motor vehicle, that the contact was the result of Defendant's "negligence and/or recklessness," and that the contact caused her to sustain physical and emotional injuries and economic loss.  (Compl. ¶¶ 12-21.) However, Plaintiff fails to allege specific facts with respect to Defendant's duty or breach of

6

duty—she merely asserts legal conclusions that, because Defendant's motor vehicle made contact with hers, Defendant was negligent/and or reckless and caused her injuries. *See id.* Given that Plaintiff fails to establish a sufficient cause of action, her motion for default judgment must be denied. *See Barrett*, 518 F. Supp.3d at 829 (denying a plaintiff's motion for default judgment where the plaintiff "failed to plead a proper cause of action" because his "allegations amount[ed] to legal conclusions"). Plaintiff must file an amended complaint which properly details, and alleges facts supporting, the elements of her claims. *See Schumacher v. Betta*, No. 22-6167, 2024 WL 3092169, at *9 (D.N.J. June 21, 2024) (denying a plaintiff's motion for default judgment because he failed to establish a legitimate cause of action and ordering the plaintiff to file an amended complaint); *Ramos v. Dermatology Group*, No. 19-17404, 2021 WL 4260839, at *4-5 (D.N.J. Sept. 20, 2021) (same).

### E. Damages

While the Court has denied Plaintiff's Motion for Default Judgment, it notes now that any renewed attempt to file such a motion will require additional proof of Plaintiff's injuries and requested monetary damages.

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, Plaintiff must nonetheless prove damages when requesting default judgment. *Corbin*, 908 F.2d at 1149. This Court need not accept allegations as to damages as true, and it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of its allegations if the Court finds evidentiary support to be lacking. *United States v. Thompson*, No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017).

When Plaintiff filed her Complaint in this action on February 26, 2024, she alleged injuries in excess of $75,000 and sought leave of this Court to ascertain the extent, nature, duration, and

permanence of her injuries.  (Compl. ¶¶ 10, 21.)  However, the Court is unable to order default judgment without further specific evidentiary support regarding Plaintiff's injuries and requested damages, which include attorney's fees and costs.  In an amended complaint or renewed motion for default judgment, Plaintiff should describe the specific and quantifiable extent, nature, duration, and permanence of her injuries, as well as any attorneys' fees and costs.  *See Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 WL 1536210, at *3 (D.N.J. May 1, 2012) (denying plaintiffs' motion for default judgment because they offered no proof of monetary damages in the five years since filing their complaint).  If Plaintiff still believes a hearing is necessary after submitting additional documentation detailing her damages, costs, and injuries, she must make a new request, which this Court will consider accordingly.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment (ECF 13) is **DENIED WITHOUT PREJUDICE.**  Plaintiff has 30 days to file an amended complaint addressing the pleading deficiencies identified in this Opinion.  An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jose R. Almonte, U.S.M.J.
       Parties

8